UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROL I. LOMISON, | : | CIVIL NO: **3:CV-10-1235** |
| | : | |
| Plaintiff | : | |
| | : | (Judge Nealon) |
| v. | : | |
| | : | (Chief Magistrate Judge Blewitt) |
| MICHAEL J. ASTRUE, | : | |
| COMMISSIONER OF THE | : | |
| SOCIAL SECURITY | : | |
| ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

**I.  PROCEDURAL HISTORY**

The Plaintiff filed a Complaint on June 10, 2010. (Doc. 1). The Plaintiff was granted leave to proceed *in forma pauperis*. (Doc. 4). The Complaint names as a Defendant Michael J. Astrue, Commissioner of Social Security. (Doc. 1).

On September 13, 2010, the Defendant filed an Answer to the Complaint. (Doc. 7). On October 27, 2010, the Plaintiff filed a Brief in support of her Complaint. (Doc. 9). On November 17, 2010, the Defendant filed a Brief. (Doc. 10). The Plaintiff filed a Reply Brief on November 19, 2010. (Doc. 11).

The Plaintiff filed an initial application for disability insurance benefits ("DIB") on January 15, 2008, alleging disability since October 25, 2007. (TR. 41, 59). This application was initially denied by the agency on May 9, 2008. (TR. 24). The Plaintiff filed a written request for a hearing on June 17, 2008. (TR. 31). The Plaintiff knowingly and voluntarily

waived in writing the right to appear and testify at the hearing, so it was held pursuant to the provisions of 20 C.F.R. 404.948(b).

On August 11, 2008, the ALJ issued an Order denying benefits to the Plaintiff. (TR. 13-23). The Plaintiff appealed the ALJ's decision to the Appeals Council. (TR. 10-12). On April 9, 2010, the Appeals Council denied the Plaintiff's appeal. (TR. 1-6). The Plaintiff then initiated the instant civil action in this court. (Doc. 1).

For the reasons set forth below, we recommend that the Plaintiff's appeal from the decision of the Commissioner of Social Security denying her claim for SSI benefits be DENIED.

## II. STANDARD OF REVIEW

When reviewing the denial of disability benefits, we must determine whether the denial is supported by substantial evidence. *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)*; Johnson v. Commissioner of Social Sec.*, 529 F.3d 198, 200 (3d Cir. 2008). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552 (1988); *Hartranft v. Apfel*, 181 F.3d 358, 360. (3d Cir. 1999), *Johnson*, 529 F.3d at 200. It is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

To receive disability benefits, the Plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 432(d)(1)(A). Furthermore,

> [a]n individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [she] lives, or whether a specific job vacancy exists for [her], or whether [she] would be hired if [she] applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 423(d)(2)(A).

## III. DISABILITY EVALUATION PROCESS.

A five-step evaluation process is used to determine if a person is eligible for disability benefits. See 20 C.F.R. § 404.1520. See also *Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999). If the Commissioner finds that a Plaintiff is disabled or not disabled at any point in the sequence, review does not proceed any further. *See* 20 C.F.R. § 404.1520.

The Commissioner must sequentially determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals a listed impairment; (4) whether the claimant's impairment prevents the claimant from doing past relevant work; and (5) whether the claimant's impairment prevents the claimant from doing any other work. See 20 C.F.R. § 404.1520.

Here, the ALJ proceeded through each step of the sequential evaluation process and concluded that the Plaintiff was not disabled within the meaning of the Act. (TR. 13-23). At step one, the ALJ found that the Plaintiff has not engaged in substantial gainful work activity at any time since October 25, 2007, the alleged onset date of his disability. (TR. 18). At step two, the ALJ concluded that the Plaintiff's impairments (lumbar disc disease, syncope of undetermined etiology, and a history of carcinoid tumor of the terminal ileum) were severe within the meaning of the Regulations. (TR. 1).

At step three, the ALJ found that the Plaintiff's impairments, did not meet or medically equal one of the listed impairments. (TR. 20.) See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. (TR. 20). The ALJ also found that the Plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) with the restrictions of occasional balancing and climbing and the avoidance of concentrated exposure to unprotected heights and moving machinery. (TR. 20).

At step four, the ALJ found that the Plaintiff is capable of performing past relevant work as a builder in electronic parts factory. (TR. 22) The ALJ therefore concluded that the Plaintiff had not been under a disability, as defined in the Act, at any time from October 25, 2007, the alleged onset date, through August 11, 2008, the date of the ALJ's decision. See 20 C.F.R. §§ 404.1520(f). (TR. 22, 23).

## IV. BACKGROUND.

The Plaintiff was born on March 30, 1955 and was fifty-three (53) years old on the date of the ALJ's decision. (TR. 67). The Plaintiff completed high school and is able to

communicate in English. (TR. 67). The Plaintiff has a past relevant work history as a builder in an electronic parts factory. (TR. 70-81). The Plaintiff stated that in this position, she worked for eight hours per day, five days per week, and she was not required to walk, stand or climb. (TR. 72). She stated that the heaviest weight she lifted at this position was 20 pounds and that the weight she lifted most frequently was five pounds. (TR. 72).

The Plaintiff stated that she lived in a house with her family. (TR. 82). She is able to perform light household chores including dusting, sweeping, and watering her plants. (TR. 84). She stated that her daughter assists her in doing the laundry, cleaning, washing dishes and feeding the family pets. (TR. 82). She stated she has lost interest in cooking and has lost her appetite, and that her daughter takes her to her home for dinner and drives her back at night. (TR. 82).

The Plaintiff stated that she is able to shop for groceries and personal items once a week. (TR. 85). She states that while she does go out alone sometimes, she "probably shouldn't because of blacking out." (TR. 85). Her activities include talking to her sister on the telephone, taking walks with her daughter, reading and watching television. (TR. 85-86). The Plaintiff stated that she is unable to do certain activities as a result of her illness including working, riding horses, caring for her pets, engaging in sexual activity, playing with her grandchildren or attending family functions. (TR. 82, 87). The Plaintiff also stated that the more her pain increases, the worse her depression becomes. (TR. 87).

## V. DISCUSSION.

### A. There is no evidence that the ALJ failed to properly develop the record.

The Plaintiff argues that the ALJ erred by failing to perform his affirmative obligation to assist the Plaintiff in developing the record. (Doc. 9). The Plaintiff does not contest the ALJ's findings with regard to her physical impairments. Rather, the Plaintiff focuses on her alleged mental impairments. Specifically, the Plaintiff argues that she was prejudiced by her lack of counsel and because she had a mental impairment. (Doc. 9 at 6). She states that the ALJ should have requested a consultative examination by a psychologist. (Doc. 9 at 5-6).

A claimant seeking disability insurance benefits and supplement security income bears the burden of establishing that he or she is incapable of performing his or her past relevant work due to a physical or mental impairment. See *Morales v. Apfel*, 225 F.3d 310 (3d 2000); 42 U.S.C. § 423(d)(1)(A). The burden lies with the claimant of these benefits because he or she is in a better position to provide information about his or her own medical condition. *Bowen v. Yuckery*, 482 U.S. 137, 147 n.5 (1987). Where a Plaintiff is not represented by counsel, the ALJ has a heightened duty to develop the record. In *Rosenberger v. Commissioner of Social Security*, 2009 WL 3124754, the court stated:

> A social security claimant has a statutory and regulatory right to representation at an administrative hearing. 42 U.S.C. § 406; 20 C.F.R. § 404.1700, *et. seq*. Because a claimant may waive his or her right to counsel, however, such lack of counsel alone will not be sufficient grounds for remand. *Livingston v. Califano*, 614 F.2d 342, 345 (3d Cir.1980); *Dobrowolsky v. Califano*, 606 F.2d 403, 407 (3d Cir.1979). However, where the claimant's lack of counsel causes either prejudice to the claimant or causes the hearing to be "marked by unfairness," remand will be appropriate. *Gauthney v. Shalala*, 890 F.Supp. 401, 410 (E.D.Pa.1995) (citing Livingston, 614 F.2d at 345.

> A proceeding will be marked by unfairness when the ALJ fails to exercise his or her duty to fully develop the record prior to making a disability determination. *Id*. When a claimant is unrepresented in social security proceedings, the ALJ has a heightened duty to assist the claimant in developing a full and fair record. *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir.2003). "'When a claimant appears at a hearing without counsel, the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts.' " *Id*. (quoting *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir.1985)) (internal quotations omitted). See also *Ventura v. Shalala*, 55 F.3d 900, 902 (3d Cir.1995) (citing *Hess v. Secretary of Health, Education and Welfare*, 497 F.2d 837, 841 (3d Cir.1981) (holding that "an ALJ must secure relevant information regarding a claimant's entitlement to social security benefits"). The adequacy of an ALJ's investigation will be determined on a case-by-case basis. Reefer, 326 F.2d at 380 (citing *Lashley v. Secretary of Health and Human Services*, 708 F.2d 1048, 1052 (6th Cir.1983)) (citing also *Miranda v. Secretary of Health, Education and Welfare*, 514 F.2d 996, 998 (1st Cir.1975) for the proposition that the "ALJ's investigation must be 'not wholly inadequate under the circumstances' "). "The essential inquiry is whether the incomplete record reveals evidentiary gaps [that] result in prejudice to the claimant." *Gauthney*, 890 F.Supp. at 410 (citing *Jozefick v. Shalala*, 854 F.Supp. 342 (M.D.Pa.1994)).

The Plaintiff argues that the ALJ was under a heightened duty to develop the record because the Plaintiff was unrepresented by counsel and mentally impaired. (Doc. 9 at 5-6). She claims that she was prejudiced because counsel would have advised her not to waive her hearing and to secure a psychological evaluation. *(Id.)*

However, the ALJ properly exercised his discretion in choosing not to order a consultative mental evaluation. The decision to purchase a consultative physical or mental examination is made on an individual case basis in accordance with the provisions of §§404.1519a through 404.1519f. The decision to purchase a consultative examination is made when the evidence as a whole, both medical and non-medical, is not sufficient to support a decision. 29 C.F.R. § 404.1519a.

Here, the ALJ properly exercised his discretion in choosing not to order a consultative mental examination because he had sufficient evidence to determine that the Plaintiff did not have a "severe" mental impairment. The ALJ requested and received relevant reports from the Plaintiff's providers. (TR. 118-225). The ALJ stated that the Plaintiff takes Lexapro and Xanax as prescribed by her primary care physician, Pamela H. Rutkoski, M.D., but noted that the Plaintiff was not been referred for mental health treatment or counseling. (TR. 19). The Plaintiff admits that the record was devoid of any psychological evaluations by a treating or examining physician or psychologist. (Doc. 9 at 6). On January 2, 2008, the Plaintiff reported to Dr. Rutkoski that she felt terrible, life was not worth living, and that she was angry. (TR. 188). Dr. Rutkoski diagnosed the Plaintiff as having a bad reaction to Wellbutrin, an antidepressant that she had previously switched to when she complained Lexapro was not working. (TR. 189, 191). One month later, on February 5, 2008, the Plaintiff reported that she felt better since she switched back to Lexapro. (TR. 186). On February 20, 2008, Dr. Rutkoski noted that the Plaintiff did not have any symptoms of depression, anxiety or other psychiatric conditions. (TR. 184-185).

The Plaintiff saw R. Craig Nielsen, M.D., a phsyical consultative examiner on April 18, 2008 and told him that her "major problem" was depression, but that Lexapro helped. (TR. 214).

The ALJ requested a review of the evidence and completion of a Psychiatric Review Technique Form by Frank M Mrykalo, Ed.D, a state agency psychologist . (TR. 225-37). Dr. Mrykalo rewvied the evidence including the medical records from Dr. Rutkoski and Dr.

Nielsen and concluded that hte PLaintiff did not have a "severe" mental impairment, rather she had a mild restriction of activities of daily living. (TR. 225). The ALJ also requested that the Plaintiff complete a Function Report.

The ALJ stated that he considered the four broad functional areas as set forth in 20 C.F.R. Part 404, subpart P, Appendix 1. The ALJ found that the Plaintiff has mild limitations with regard to the first criteria, activities of daily living, because she is able to perform light household chores such as dusting, sweeping and watering the plants. (TR. 19). In the second area of social functioning, the ALJ found that the Plaintif had mild limitations because she goes shopping for groceries and personal care items, talks to her sister on the telephone and takes walks with her daughter. (TR. 19). The ALJ found that the Plaintiff had mild limitations in the third area, concentration, persistence or pace, because she can concentrate sufficiently to watch television and read. (TR. 19). Lastly, the ALJ found that the Plaintiff has no episodes of decompensation. (TR. 19). Thus, the ALJ found that the Plaintiff's medically determinable mental impairments of anxiety and depression did not cause more than a minimal limitation in her ability to perform basic mental work activities. (TR. 19).

In regards to the Plaintiff's argument that she was mentally impaired and prejudiced by a lack of counsel when she waived her right to a hearing, there is no evidence that the Plaintiff was unable to make this decision. As discussed above, there is no evidence that the Plaintiff was suffering from a severe mental impairment. Moreover, the Plaintiff is a literate high school graduate who has a long work history and no treatment for mental health problems apart from the medications prescribed to her by her primary care physician.

Thus, there is no evidence from the record that the Plaintiff suffered from a severe mental impairment or that the ALJ failed to fully develop the record in regards to the Plaintiff's mental impairments.

**B. This court will not consider evidence submitted for the first time to the Appeals Council.**

The Plaintiff argues that the report of Edwin C. Finch, Ph.D., should be considered as new and material evidence not available at the time of the ALJ hearing. (Doc. 2). The Plaintiff was evaluated by Dr. Finch on January 22, 2009. (TR. 261). The report from Dr. Finch was submitted as evidence for the first time to the Appeals Council. (TR. 6).

The standard for the admission of new evidence is based upon 42 U.S.C. § 405(g), which provides in pertinent part:

> The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

42 U.S.C. § 405(g).

In *Szuback v. Sec'y of Health and Human Services*, 745 F.2d 831 (3d Cir. 1984), the Third Circuit elaborated on this standard. The Court stated that the evidence "must first be 'new' and not merely cumulative of what is already in the record." *Szuback*, 745 F.2d at 833. It must also be material, meaning that it is "relevant and probative" and there is a "reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination." *Id*. Moreover, "An implicit materiality requirement is that the new evidence relate to the time period

for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition." *Id.*

The Court of Appeals for the Third Circuit addressed the issue of new evidence in a disability case in *Matthews v. Apfel*, 239 F.3d 589 (3d Cir. 2001). In *Matthews*, the plaintiff submitted a new report from a vocational expert several months after the decision of the ALJ. *Id.* There, the Court held that when new evidence is presented to the Appeals Counsel, that was not before the ALJ, the district court could remand the matter to the ALJ only if the evidence is new and material and there was good cause shown for the evidence not to have been presented to the ALJ. *Id.* at 594. Similarly, when evidence is presented for the first time to the district court, there must be good cause shown for the new and material evidence not to have been presented to the ALJ. *Id.* at 592. The Matthews Court made clear that remand for consideration of new evidence is not a light matter. The Court of Appeals stated,

> We should encourage disability claimants to present to the ALJ all relevant evidence concerning the claimants impairments. If we were to order remand for each item of new and material evidence, we would open the door for claimants to withhold evidence from the ALJ in order to preserve a reason for remand ... [I]t is a much sounder policy to require claimants to present all material evidence to the ALJ and prohibit judicial review of new evidence unless there is good reason for not having brought it before the ALJ. Such holding is instrumental to the speedy and orderly disposition of Social Security claims.

*Matthews*, 239 F.3d at 595 (citations omitted.)

Thus, the submission of the vocational report in Matthews did not satisfy the good cause requirement because the same expert was available during the ALJ hearing and the claimant did not explain the failure to obtain such a report at that time. *Id.*

Here, the Appeals Council found that the ALJ's decision was supported by the record and that no basis, including Dr. Finch's report, existed for disturbing it. (TR. 2). The Appeals Council reasoned that Dr. Finch admitted he had no prior records from the Plaintiff to examine. (TR. 261). The Appeals Council stated that the record showed no sign of a significant mental impairment during the period ending as of August 11, 2008, the date the ALJ decision was issued. (TR. 2; 13-23). In deciding a claim for disability benefits, the ALJ is entitled to rely not only on what the record says, but also on what it does not say. *Dumas v. Schweiker*, 712 F.2d 1545, 1553 (2d Cir. 1983); *Lane v. Commissioner of Social Security*, 100 Fed. Appx. 90, 95 (C.A. 3d 2004). There is no indication from the record that the Plaintiff suffered from a severe mental impairment which would render her disabled.

The Appeals Council noted that Dr. Finch stated that the Plaintiff's impairments were worrisome in "recent months" and reasoned that her GAF score the previous year was 58, which was a far indication from a severe mental impairment.[1] Thus, this evidence suggests that this sole diagnosis is based upon the subsequent deterioration of a previously non-disabling condition. *See Szuback*, 745 F.2d at 833.

The Plaintiff reasons that she did not get a psychological evaluation in time to present to the ALJ because she was unrepresented by counsel "so she did not know that that was

---

[1] A GAF score, or a Global Assessment Functioning scale, takes into consideration psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness and is not supposed to include the consideration of impairment in functioning due to physical (or environmental) limitations. A GAF score between 51 and 60 indicates moderate symptoms or moderate difficulty in social, occupational, or school functioning. American Psychiatric Association, Diagnostic & Statistical Manual of Mental Disorders 34 (4th ed. text revision 2000).

what she had to do to succeed in her case." (Doc. 11 at 3). The Plaintiff further argues that her "profound cognitive impairment certainly contributed to her mishandling of her social security claim." *Id*. As discussed above, there is no evidence that the Plaintiff suffered from a severe mental impairment or that she was prejudiced in any way because she was unrepresented by counsel.

### C. This court will not review the decision of the Appeals Council.

The Plaintiff argues that there is a lack of substantial evidence for the Appeals Council's denial of her request to review based on newly discovered evidence, or Dr. Finch's report. (Doc. 9 at 9-11). However, this court has no authority to review the decision of the Appeals Council. *See Matthews*, 239 F.3d at 594.

In light of the abovementioned reasons, there was substantial evidence for the ALJ to reach the conclusion that the plaintiff was not disabled.

## VI. CONCLUSION.

Based upon the foregoing, IT IS RECOMMENDED THAT the Plaintiff's appeal from the decision of the Commissioner of Social Security denying his claim for SSI benefits, (Doc. 1), be DENIED.

<u>s/ Thomas M. Blewitt</u>
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: December 28 , 2010**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROL L. LOMISON, | : | CIVIL ACTION NO. **3:CV-10-1235** |
| Plaintiff | : | (Judge Nealon) |
| v. | : | (Magistrate Judge Blewitt) |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | : | |
| Defendant | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **December 28, 2010.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                                 s/ Thomas M. Blewitt
                                                                 **THOMAS M. BLEWITT**
                                                                 **United States Magistrate Judge**

**Dated: December 28, 2010**