# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL I. LOMISON,<br>　　　Plaintiff, | : <br> : |
| v. | : **CIVIL ACTION NO. 3:10-1235** <br> : |
| MICHAEL J. ASTRUE, | : (JUDGE NEALON) <br> : |
| Commissioner of Social Security,<br>　　　Defendant | : (MAGISTRATE JUDGE BLEWITT) <br> : |

## MEMORANDUM and ORDER

On June 10, 2010, Plaintiff, Carol Lomison, filed a complaint seeking review of the Commissioner of Social Security Administration's ("Commissioner") dismissal of her application for supplemental security income. (Doc. 1). A Report was issued by United States Magistrate Judge Thomas M. Blewitt on December 28, 2010, recommending that the complaint be dismissed and the case closed. (Doc. 12). Plaintiff filed objections to the Report and Recommendation ("R&R") on January 6, 2011 and Defendant filed a response on January 12, 2011. (Docs. 13, 14, 15). The matter is ripe for resolution, and for the reasons set forth below, the R&R will be adopted and the appeal will be denied.

### Standard of Review

When objections to a report and recommendation have been filed, the court must make a de novo determination of those portions of the report to which specific objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984). The court "may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3. Further, the court may, in the exercise of sound judicial discretion, rely on the Magistrate Judge's

1

FILED
SCRANTON
FEB 17 2011
PER _____
　　DEPUTY CLERK

proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); Goney, 749 F.2d at 7. When no objections are made to a report, the district court is not statutorily required to review the magistrate judge's factual or legal conclusions under a de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 149, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Peter v. Wynder, 2008 U.S. Dist. LEXIS 57782, *4-5 (M.D. Pa. 2008) (Jones, J.).

**Background**

Plaintiff filed an application for disability insurance benefits on January 15, 2008, alleging disability since October 25, 2007 due to back problems, blackouts, osteoarthritis, knee pain, previous seizure disorder, and residual effects from previous cancer treatment. (TR. 41-44, 59). Her request for benefits was denied at the initial level and Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). (TR. 26-31). Plaintiff waived her right to appear and testify at the hearing. (TR. 32). The ALJ issued a decision on August 11, 2008 denying benefits to Plaintiff. (TR. 13-23). Plaintiff then requested review by the Appeals Council, which denied review, making the decision of the ALJ final. (TR. 1-6). The instant appeal followed. (Doc. 1).

On October 27, 2010, Plaintiff filed a brief in support of her complaint. (Doc. 9). The Government filed an opposing brief on November 17, 2010 and Plaintiff filed a reply on November 19, 2010. (Docs. 10, 11). The Magistrate Judge issued a Report on December 28, 2010, recommending that the appeal be denied. (Doc. 12). Plaintiff filed timely objections to the R&R on January 6, 2011 and Defendant filed a response on January 12, 2011. (Docs. 13, 14, 15).

**Disability Determination Process**

The Social Security Regulations establish a five-step evaluation process which is used to determine if a person is entitled to disability benefits. See 20 C.F.R. § 404.1520. If at any step in the process the Commissioner finds that a plaintiff is disabled or not disabled, review does not proceed any further. 20 C.F.R. §§ 404.1520, 416.920. The steps in the process are as follows: (1) Is the individual engaging in substantial gainful activity?; (2) Does the individual have a severe impairment?; (3) Does the individual have an impairment which meets or equals the listing of impairments as set forth in 20 C.F.R. part 404, subpart P, appendix 1?; (4) Does the individual retain the residual functional capacity ("RFC") to engage in her past relevant work?; and (5) If an individual does not have the capacity to engage in her past work, does she retain the capacity to perform jobs which exist in significant numbers in the national economy? See Social Security Ruling 86-8; 20 C.F.R. § 404.1520.

The disability determination involves shifting burdens of proof. Mason v. Shalala, 994 F.2d 1058, 1063-64 (3d Cir. 1993). The initial burden rests with the claimant to demonstrate that she is unable to engage in her past relevant work. Id. at 1064. If the claimant satisfies this burden, then the Commissioner must show that jobs exist in the national economy that a person with the claimant's abilities, age, education, and work experience can perform. Id.

In the present case, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of October 25, 2007. (TR. 18). The ALJ determined that Plaintiff suffered from the severe impairments of lumbar disc disease, syncope of undetermined etiology, and a history of carcinoid tumor of the terminal ileum. (TR. 18). However, he then found that Plaintiff's impairments did not meet or medically equal any of the

3

listed impairments, either alone or in combination. (TR. 20). The ALJ found that Plaintiff is able to perform her past relevant work as a builder in an electronics parts factory and that she has the residual functional capacity to perform light duty work with occasional balancing and climbing and avoiding concentrated exposure to unprotected heights and moving machinery. (TR. 20-22). Accordingly, Plaintiff was found to be not disabled within the meaning of the Social Security Regulations. (TR. 22-23).

**Discussion**

The role of the court in reviewing a decision by the Commissioner of Social Security denying disability benefits is to "determine whether there is substantial evidence to support the Commissioner's decision." Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004) (citing Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir.1999)). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.... It is less than a preponderance of the evidence but more than a mere scintilla." Id. (internal quotations and citations omitted). In an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." Consolo v. Federal Maritime Commission, 383 U.S. 607, 620, 86 S.Ct. 1018, 1026, 16 L.Ed. 2d 131 (1966) (cited in Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence has been defined as "enough [evidence] to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." Olsen v. Schweiker, 703 F.2d 751, 753 (3d Cir. 1983) (citing NLRB v. Columbian Enameling & Stamping Co., 306 U.S. 292, 300, 59 S.Ct. 501, 505, 83 L.Ed. 660

(1939)). "Overall, the substantial evidence standard is a deferential standard of review." Jones, 364 F.3d at 503.

In the Report and Recommendation, the Magistrate Judge determined that there was substantial evidence to support the ALJ's determination that Plaintiff is not disabled. (Doc. 12, pp. 6-13).

In her objections, Plaintiff argues that the Magistrate Judge erred in holding that the ALJ adequately developed the record and by refusing to consider the psychological evaluation submitted to the Appeals Council. (Doc. 13). Plaintiff has already raised these arguments in the brief in support of her appeal. (Docs. 9, 13). See Hutson v. Vaughn, 2004 WL 717178 (E.D. Pa. 2004) (the court overruled the petitioner's objections after determining that the objections simply restated his prior contentions and that the Magistrate Judge properly reviewed the arguments in the Report and Recommendation). These claims will be addressed accordingly.

Plaintiff first objects to the Magistrate Judge's finding that the ALJ adequately developed the record regarding her alleged mental impairments. (Doc. 14, pgs. 2-4). She argues that because there was no comprehensive psychological evaluation in the record, the ALJ could have ordered a consultative psychological evaluation pursuant 20 C.F.R. § 404.1519a(b). (Doc. 14, pg. 3). Plaintiff notes that the evidence of record revealed that her family physician was prescribing medication for anxiety and depression; Plaintiff was unable to care for her pets, engage in sexual activities, play with her grandchildren, or attend family functions; she needed help cleaning and doing laundry she lost interest in cooking and lost her appetite. (Doc. 14, pg. 2) (TR. 214). She argues that this evidence indicates a "very severe mental impairment." (Doc. 14, pg. 3).

5

The Magistrate Judge determined that the ALJ properly exercised his discretion in not ordering a consultative mental evaluation because there was sufficient evidence indicating that Plaintiff did not have a severe mental impairment. (Doc. 12, pgs. 7-8). The ALJ considered Plaintiff's alleged mental impairments and determined that, although she was prescribed medication by her primary care physician, she had never been referred for any type of mental health treatment or counseling. (TR. 19). The ALJ evaluated Plaintiff's alleged mental impairments pursuant to the listing requirements and determined that they did not meet the listing requirements. (TR. 19); 20 C.F.R. Pt. 404, Subpt. P, App. 1. Pursuant to the "B" criteria of the listings, the ALJ determined that Plaintiff had only mild limitation in activities of daily living, mild limitation in maintaining social functioning, mild limitation in maintaining concentration, persistence or pace, and no episodes of decompensation. (TR. 19); 20 C.F.R. Pt. 404, Subpt. P, App. 1. Thus, the ALJ determined that Plaintiff's alleged mental impairments were not severe. (TR. 19).

After review, the Magistrate Judge has not erred in determining that the ALJ properly exercised his discretion in not ordering a consultative mental examination and had sufficient evidence to determine that Plaintiff did not have a severe mental impairment.

Plaintiff next objects to the Magistrate Judge's refusal to consider Dr. Finch's report. (Doc. 14, pgs. 4-5). As noted, Plaintiff was initially unrepresented and waived her right to appear at the ALJ hearing. Subsequent to the ALJ's unfavorable decision, Plaintiff secured counsel and underwent a psychological evaluation with Edwin C. Finch, Ph.D., on January 22, 2009. (TR. 261-67). Dr. Finch concluded that she was "totally and most likely permanently disabled." (TR. 265). Plaintiff presented this evidence to the Appeals Council; however, they

denied review. (TR. 1-6).

The Magistrate Judge reviewed the standards for considering new evidence. In <u>Matthews v. Apfel</u>, 239 F.3d 589 (3d Cir. 2001), the Third Circuit Court of Appeals held that when new evidence that was not before the ALJ is presented to the Appeals Council, the district court could remand to the ALJ only if the evidence is new and material and there was good cause shown for the evidence not to have been presented to the ALJ. <u>Id.</u> at 594. Similarly, when evidence is presented for the first time to the district court, there must be good cause shown for the new and material evidence not to have been presented to the ALJ. <u>Id.</u> at 592. The Court in <u>Matthews</u> warned that remand for consideration of new evidence is not a light matter and stated, "[i]f we would order remand for each item of new and material evidence, we would open the door for claimants to withhold evidence from the ALJ in order to preserve a reason for remand." <u>Id.</u> at 595.

Plaintiff states that the Magistrate Judge appears to find that Dr. Finch's report does not relate to Plaintiff's condition prior to the ALJ's decision because it suggests that the sole diagnosis is based upon the subsequent deterioration of a previously non-disabling condition. (Doc. 14, pg. 4). However, Plaintiff argues that in April 2008, Dr. R. Craig Nielson noted that she suffered from depression with apparent somatization and hysterical features and that she had difficulty remembering related to her depression. (TR. 218).

The Magistrate Judge found that Dr. Finch's report did not satisfy the good cause requirement because Plaintiff could have underwent an evaluation with Dr. Finch at the time of the ALJ hearing. (Doc. 12, pg. 11). Plaintiff argues that because she was unrepresented at the time of the ALJ hearing, she did not know that she should undergo a psychological evaluation.

7

(Doc. 14, pg. 5).

The Magistrate Judge noted that the Appeals Council found that the ALJ's decision was supported by the record and no basis existed for disturbing it. (Doc. 12, pg. 12) (TR. 2). The Appeals Council considered Dr. Finch's report and determined that the record showed no sign of a functionally significant mental impairment during the period ending August 11, 2008, the date of the ALJ's decision. (Doc. 9, pg. 10). Dr. Finch noted that he had not received any information or documentation regarding Plaintiff's background and therefore did not have any preconceived notions or biases. (TR. 261). Dr. Finch's findings were rendered after his examination of Plaintiff and he found that, on January 22, 2009, she was disabled. (TR. 261). His findings do not relate to the relevant time period of the ALJ's decision. Dr. Finch opined that Plaintiff's best Global Assessment of Functioning ("GAF") score in the previous year was 58, indicating only moderate symptoms or moderate difficulty in functioning. (Doc. 12, pg. 12) (TR. 267). Therefore, the Magistrate Judge did not err in declining to consider Dr. Finch's report as it relates to Plaintiff's condition subsequent to the ALJ hearing.

## Conclusion

Based on the foregoing, the Magistrate Judge's Report and Recommendation will be adopted. An appropriate order follows.

Date: February 17, 2011

United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CAROL I. LOMISON,
    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,
    Defendant

CIVIL ACTION NO. 3:10-1235

(JUDGE NEALON)

(MAGISTRATE JUDGE BLEWITT)

## ORDER

AND NOW, this 17th day of February, 2011, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's Objections (Doc. 13) to the Magistrate Judge's Report and Recommendation are **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Doc. 12) is **ADOPTED**.

3. Plaintiff's appeal of the Commissioner's decision is **DENIED**.

4. The Clerk of Court is directed to **CLOSE** this case.

United States District Judge